Date signed July 31, 2013



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at GREENBELT

| | |
|---|---|
| In Re: | |
| Fely Sison Tanamor | Case No.  10-25530-TJC |
| Debtor | Chapter  7 |
| Fely Sison Tanamor | |
| Plaintiff | |
| vs. | Adversary No.  13-00202 |
| Chang Law Group LLC, *et al.* | |
| Defendants | |

## MEMORANDUM OF DECISION

Plaintiff Fely Sison Tanamor brings this adversary proceeding against defendants Sandy

Y. Chang, the Chang Law Group LLC and Marketing Lead Services LLC, for, among other

things, legal malpractice allegedly committed in plaintiff's four bankruptcy cases.  Now before

1

the court is defendants' motion to dismiss the malpractice counts for lack of subject matter jurisdiction. Plaintiff opposes the motion and contends the court has "arising in" jurisdiction under 28 U.S.C §1334(b). The court agrees with plaintiff, and concludes that it has subject matter jurisdiction to hear the malpractice claims. The motion will be denied.

### Facts as Alleged in the Complaint

In 2010, plaintiff was experiencing financial hardship and consulted with defendant Sandy Y. Chang ("Chang"), a Maryland attorney who practiced through her firms, defendants Chang Law Group LLC and Marketing Lead Services LLC. On June 16, 2010, Chang filed on behalf of plaintiff Case No. 10-23506 under chapter 7 of the Bankruptcy Code (the "First Chapter 7 Case"). Plaintiff met with a paralegal who told her where to sign the papers, but did not meet with an attorney. No one explained or reviewed with her the documents she was signing. Plaintiff did not complete the pre-petition credit counseling required under 11 U.S.C. §109(h) until two days after the case was filed. As a result, the First Chapter 7 Case was dismissed on June 22, 2010, for failure to comply with the credit counseling requirement. The petition and schedules filed by defendants on behalf of plaintiff in the First Chapter 7 case were riddled with errors and misrepresentations. Chang also filed a false Disclosure of Compensation.

Chang failed to tell plaintiff that the court dismissed the First Chapter 7 Case. On July 9, 2012, without plaintiff's knowledge, Chang filed a second case in plaintiff's name, No. 10-25530 (the "Second Chapter 7 Case"). Despite the fact that the cases were filed almost a month apart, defendants did not update any of plaintiff's financial information, but merely used the identical information contained in the First Chapter 7 Case. Plaintiff did not sign the petition or any of the bankruptcy papers that Chang filed and signed electronically on her behalf. The filings in the Second Chapter 7 Case contained the same material errors and misrepresentations contained in the First Chapter 7 Case.

Plaintiff received a discharge in October 2010 in her Second Chapter 7 Case, and had no further personal liability for her secured debts. Around April 2011, plaintiff obtained a loan modification for the first and second mortgages for her residence located at 4013 Peppertree Lane, Silver Spring, Maryland. She began meeting the monthly mortgage obligation on the modified first mortgage and was current with the payments on each of her car loans. However, on October 31, 2011, Chang filed plaintiff's third bankruptcy case, this time under chapter 13 ("First Chapter 13 Case"). In doing so, Chang advised plaintiff to stop making payments on her second mortgage because it could be avoided in a chapter 13 case. Chang did not inform plaintiff that it would be difficult to avoid a lien on real property that is jointly owned with a non-filing individual. Chang failed to mention to plaintiff that a third filing would have a detrimental effect on her credit rating.

Prior to the filing of this third bankruptcy case, defendants required plaintiff to pay off her previous balance of $1,400 in attorneys' fees, which had been discharged. Plaintiff agreed to pay Chang $2,300 for the filing of the chapter 13 case. However, Chang represented to the court in her Disclosure of Compensation that Plaintiff agreed to pay $4,500 in fees for the First Chapter 13 Case, and that $1,500 had been paid. This was not true, and instead it appears that Chang attempted to collect a total of $5,000 for the First Chapter 13 Case.

Like the other cases, the First Chapter 13 Case was rife with material errors and misrepresentations. None of the papers was signed by Chang, and no attorney reviewed the bankruptcy papers before plaintiff signed them, or any time thereafter. Plaintiff informed Chang that she would not be able to attend the first meeting of creditors, and Chang assured plaintiff that the meeting of creditors would be rescheduled to allow plaintiff to keep her scheduled travel plans. Chang took no action to continue it and the First Chapter 13 Case was dismissed for plaintiff's failure to attend the meeting.

Defendants never informed plaintiff that the case was dismissed. Instead, on March 19, 2012, Chang filed another chapter 13 for plaintiff (the "Second Chapter 13 Case"), again without

3

informing plaintiff or obtaining her permission. Plaintiff had no idea that this case was filed, and she also had no idea that her credit rating would be negatively affected. The Second Chapter 13 Case was the fourth case in two years for plaintiff. Chang also did not present plaintiff with a new engagement agreement or ask her to sign another voluntary petition, schedules, and related papers. The Second Chapter 13 Case contained the same, outdated and incorrect information that was filed in the First Chapter 13 Case.

Chang also filed a false Disclosure of Compensation in the Second Chapter 13 Case, and Chang represented to the court that plaintiff agreed to a flat fee of $4,500, of which $1,800 had been paid. Both statements were not true, and instead Chang attempted to collect $4,700 in fees for the Second Chapter 13 Case from plaintiff.

On November 26, 2012, Chang was suspended from practicing in the United States District Court for the District of Maryland for a period of one year. Plaintiff retained new counsel, and new counsel requested Chang to provide a copy of plaintiff's case filings. Defendants did not provide a single original document and did not provide any source documents that should have been obtained. Plaintiff was forced to make amendments to her Second Chapter 13 Case, and she incurred an additional filing fee for adding creditors to the matrix. Finally, it appears that none of the monies that plaintiff paid to the defendants was placed in an attorney trust account.

### Conclusions of Law

In Counts I and II, plaintiff brings claims for violation of the automatic stay and the discharge injunction, respectively. The parties agree that the court has subject matter jurisdiction to hear those claims. In Counts III and IV, plaintiff asserts malpractice and breach of contract claims, respectively.[1] The dispute is whether the court has subject matter jurisdiction over the

---

[1] The breach of contract claim is based on the defendants' alleged malpractice. For purposes of this motion, the parties have treated both Counts III and IV as malpractice claims, and they will be addressed in that manner herein.

malpractice claims, and specifically whether jurisdiction exists under the "arising in" standard of 28 U.S.C. §1334(b).

This court derives its jurisdiction from the district court.  28 U.S.C. §157(a).  As pertinent here, the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to title 11."  28 U.S.C. §1334(b).  A claim "arises in" Title 11 of the United States Code if it is one "that is not based on any right expressly created by Title 11, but nevertheless could have no existence outside of bankruptcy."  *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003).  A controversy "arises in" Title 11 when "it would have no practical existence but for the bankruptcy."  *Grausz,* 321 F.3d at 471(quotations omitted).

In *Grausz*, the Fourth Circuit held that under the court's "broad interpretation" of "arising in" jurisdiction, the bankruptcy court had jurisdiction over a legal malpractice claim against the debtor's former bankruptcy counsel because the allegedly negligent advice was given in a bankruptcy case.  *Id*. at 471-472.  The court held that the standard for "arising in" jurisdiction "surely means that jurisdiction exists over a malpractice claim against a lawyer for providing negligent legal services to a debtor in a bankruptcy case."  *Id.*

The allegations in the complaint meet this standard.  Plaintiff contends that defendants committed malpractice in each of the four bankruptcy cases they filed on plaintiff's behalf.  The allegations include: filing two cases without plaintiff's knowledge or consent, thus harming plaintiff's credit standing; signing plaintiff's name under penalty of perjury to incorrect and outdated schedules; advising plaintiff to stop making payments on a second trust loan so she could file a motion to strip it off even though a strip-off was not available to plaintiff; and failing to advise plaintiff on the significance of discharge so defendants could collect from plaintiff unpaid fees that had been discharged.  These claims, which are unique to bankruptcy law,

"implicate the integrity of the bankruptcy process" and "the alleged malpractice [is] inseparable from the bankruptcy context." *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260-261 (3rd Cir. 2007).

Numerous circuit courts have addressed this issue in the chapter 11 context. *See e.g., Baker v. Simpson*, 613 F.3d 346, 351 (2nd Cir. 2010); *Grausz* at 471-472; *Seven Fields Dev. Corp.,* 505 F.3d at 260; *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1995). All have held that "arising in" jurisdiction lies under 28 U.S.C. §1334(b) for a debtor's malpractice claims against debtor's counsel. As defendants point out, some of these courts emphasize that debtor's counsel in a chapter 11 is court-approved, and the bankruptcy court's obligation to monitor counsel's actions and approve counsel's fees implicates the bankruptcy process to such an extent that the "arising in" standards is met. *See In re Southmark Corp.*, 163 F.3d 925. Defendants argue that the holdings of these cases should be limited to chapter 11 cases, where debtor's counsel is approved by the court, unlike the chapter 7 and 13 cases at issue here.

Although defendants' statement of the rationale employed by some of these courts is correct, the point is not controlling. *Grausz* makes no mention of this rationale, and instead simply asserts the straightforward principle that "jurisdiction exists over a malpractice claim against a lawyer for providing negligent legal services to a debtor in a bankruptcy case." *Grausz* at 471-472.

Moreover, in all bankruptcy cases, this court has a statutory obligation to review debtor's counsel's fees and order the return of compensation found to be excessive. 11 U.S.C. §329. Counsel for debtor must disclose any compensation paid or agreed to be paid within the one year period before the filing of the petition, and counsel must supplement the disclosure with any compensation paid or agreed to be paid after the petition. *Id*.; Fed. R. Bankr. P. 2016. Even

where no party challenges the fee, the court determines whether the fee is excessive on its own initiative.  Fed. R. Bankr. P. 2017(b).  Thus, although the court does not approve debtor's choice of counsel in a chapter 7 or 13 case, the court must review the services provided by counsel and determine if the compensation is warranted.  The rationale of these cases applies.

Accordingly, "even in cases where the debtor's attorney is not court-appointed, the courts have consistently held" that a claim against the attorney for malpractice in the bankruptcy case meets the "arising in" standard.  *Galloway v. Bond, Botes and Stover*, 597 F.Supp 2d 676, 682 (S.D. Miss. 2008) (debtor's malpractice claim against his chapter 13 bankruptcy attorney meets the "arising in" standards; therefore, mandatory abstention did not apply.)  Against this weight of authority, defendants offer no case that held that "arising in" jurisdiction does not exist over a malpractice claim by a chapter 7 or 13 debtor against his or her attorney for negligent legal services in a bankruptcy case.  Instead, defendants cites *In re Baruch,* 446 B.R. 844 (Bankr S.D. Ohio 2011), and *In re Rivera*, 379 B.R. 728 (Bankr. N.D. Ohio 2007).  In each case, the chapter 7 debtor filed a malpractice claim for negligent legal advice given in connection with a bankruptcy case, and the court considered whether it had "related to" jurisdiction.  On motions to dismiss, each bankruptcy court addressed whether the proceeding was "related to" a cause of action under Title 11, and applied the test established in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984): "Whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  Each court concluded that it did not have "related to" jurisdiction, a conclusion with which this court does not disagree.  Neither court, however, addressed whether it had "arising in" jurisdiction.  Therefore, the cases are not helpful to the dispute presented to this court.

Defendants proffer several other arguments in support of their position. They argue that most of the actions in the complaint are alleged to have occurred after the Second Chapter 7 Case was filed and in the First and Second Chapter 13 Cases. They contend that only a small portion of the factual allegations arise in the bankruptcy case in which the adversary proceeding is filed. They argue that since most of the alleged malpractice does not arise in the Second Chapter 7 Case, the court lacks jurisdiction over the majority of the allegations in the complaint.

The court disagrees. The complaint asserts that defendants committed malpractice in all four bankruptcy cases, but only in the bankruptcy cases. It therefore asserts that the malpractice claims arise in the four bankruptcy cases. None of the allegations of malpractice is asserted to have occurred outside of the bankruptcy cases. Thus, for purposes of 28 U.S.C. §1334(b), all of the malpractice allegations in the complaint arose in a case under Title 11, and the jurisdictional linchpin is met.

It is not critical that the alleged malpractice arises in the particular bankruptcy case in which this adversary proceeding was filed, as long as it is alleged to have occurred in a bankruptcy case. Here, again, *Grausz* is instructive. The malpractice action in *Grausz* was initiated in state court and removed to the district court – it was not brought as an adversary proceeding in bankruptcy and therefore was not tied procedurally to a particular bankruptcy case. *Grausz* at 471. Nothing in *Grausz* suggests a different jurisdictional result would have been reached if the alleged malpractice had occurred over two or more bankruptcy cases of the debtor, rather than one. The district court would have had jurisdiction because the alleged malpractice arose in a bankruptcy case, even if it had occurred in two or more cases. Such is the case here.

Defendants next contend that the court lacks jurisdiction because the malpractice actions belong to the debtor, not the estate. Again, however, this contention is at odds with *Grausz*.

There, the debtor claimed that the alleged malpractice resulted in an order denying him a discharge and exposing him to some $30 million of liability. *Id.* He argued that the there was no bankruptcy jurisdiction "because his malpractice claim is personal to him and is not the property of the bankruptcy estate." *Id.* at 472. The court dismissed this argument:

> But the claim arises in the bankruptcy case, regardless of whether it belongs to him or the estate. [Debtor's] claim is that the [law firm] committed malpractice in his bankruptcy case by, among other things, (1) negligently failing to advise him to list his community property interests on the amended Schedule B and (2) negligently failing to advise him to verify the accuracy of the packing list attached to the amended schedule. This malpractice claim "would have no practical existence but for the bankruptcy" case. *See A.H. Robins,* 86 F.3d at 372. The claim thus arises in Title 11, and the district court had subject matter jurisdiction under 28 U.S.C. §1334(b).

*Id. Grausz* controls here.

At argument, all parties stated they intended to seek a jury trial, and defendants stated they do not consent to the designation of a jury trial in this court. *See* 28 U.S.C. §157(e). Accordingly, it appears the matter may need to be tried in the district court. If so, the timing of the withdrawal of the reference and the related procedural matters will need to be addressed by the parties and the court as appropriate. However, this court's lack of authority to conduct a jury trial is a different matter than whether jurisdiction lies under 28 U.S.C. §1334(b); it is only this latter question that is before the court at this time.[2]

### Conclusion

For the foregoing reasons, the court will deny the motion to dismiss.

cc:   Plaintiff
      Plaintiff's counsel
      Defendants

---

[2] Similarly, the motion does not implicate the question of whether this court has authority to enter final findings and conclusions. *See Stern v. Marshall*, 131 S.Ct. 2594 (2011).

Defendants' counsel
The United States Trustee

**End of Memorandum**